NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO JOSE TAYLOR, | ) | No. C 07-5286 JF (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| KEN CLARK, | ) ) | (Docket Nos. 2 & 5) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also applied for leave to proceed in forma pauperis.

**STATEMENT**

According to the petition, a Sonoma County Superior Court jury convicted Petitioner of battery resulting in serious bodily injury and assault with a deadly weapon. In addition, allegations that Petitioner suffered prior "strike" convictions under California's "Three Strikes" law were found to be true. On February 19, 1998, Petitioner was sentenced to a term of 25 years to life in state prison. On direct appeal, the state appellate court affirmed the judgment in 1999. The state supreme court thereafter denied a petition for review. Petitioner filed the instant federal petition on October 17, 2007.

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Taylor286dis

# DISCUSSION

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner sets forth the following two claims in his petition: (1) that the California Court of Appeal erroneously ruled that petitioner may not challenge the validity of a 1973 prior conviction, which conviction was used to enhance his sentence on the current conviction, on the grounds that the prior conviction was obtained in violation of his rights under Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); and (2) that his prior conviction in 1973 of residential burglary, used to enhance his current sentence, was obtained in violation of his due process rights, under Boykin, to be informed that his guilty plea constitutes a waiver of the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination.

Petitioner's claims challenging the constitutionality of a prior conviction used as to enhance his sentence are not cognizable. A petitioner challenging in habeas the validity of a prior conviction he maintains is being used as a predicate or enhancement to his current confinement or sentence satisfies the "custody" requirement of § 2254, even if such petitioner is no longer in custody on the prior conviction. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). The Supreme Court has determined, however, that the prior conviction itself cannot be challenged by way of an attack upon the later sentence it was used to enhance. See id., at 403-04 (holding prior conviction cannot be challenged in § 2254 petition); Daniels v. United States, 532 U.S. 374, 382-83 (2001) (holding prior conviction cannot be challenged in § 2255 motion). With respect to state convictions in particular, the Supreme Court has stated:

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Taylor286dis

> "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."

Coss, 532 U.S. at 403-04 (citation omitted). The only exception to this rule is a claim that the prior conviction is unconstitutional because of a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). See Coss, 532 U.S. at 404; Daniels, 532 U.S. at 382. Here, petitioner argues that his 1973 conviction is unconstitutional because he plead guilty to the charges without having been properly informed of the rights he was waiving. Petitioner does not claim that he was not provided counsel; indeed, his brief makes clear he in fact had appointed counsel. Consequently, petitioner's claims, even liberally construed, are not cognizable herein.

## CONCLUSION

The petition for writ of habeas corpus is DISMISSED for failure to state a cognizable claim for habeas relief. Petitioner's motions to proceed in forma pauperis (docket nos. 2 & 5) are GRANTED.

The Clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: 2/22/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Taylor286dis

1  A copy of this ruling was mailed to the following:

2

3  Eddie Lee Walker.
C-24239
Salinas Valley State Prison
4  P.O. Box 1050
Soledad, CA 93960

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Taylor286dis